### OLTARSH v. LEWIS et al.

#### (Supreme Court, Appellate Term. May 5, 1904.)

1. CONTRACTS—EVIDENCE.

In an action for the value of fire escapes for which plaintiff claimed to have received an order from defendants, which they denied, it was competent for them to show, on cross-examination of the plaintiff and his bookkeeper, whether plaintiff kept an order book in his business, and whether it contained an entry of the disputed order.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by David M. Oltarsh against Israel Lewis and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Abraham H. Sarasohn, for appellants
Levy & Levison, for respondent.

LEVENTRITT, J. The plaintiff recovered a judgment for the value of five fire escapes, for the manufacture of which he claimed to have received an order from the defendants. They denied the giving of the order. Whether or not it was given was the determinative fact litigated. Every opportunity should have been afforded to present all the facts and circumstances bearing upon that question. The defendants were entitled to ascertain, upon the cross-examination of the plaintiff and of his bookkeeper, whether an order book was kept in his business, but the inquiry to that end addressed to each was met with an objection, which the court sustained. If such an order book existed, did it contain an entry of the disputed order? This was an important fact, which the defendants were thwarted in their efforts to ascertain. While it may be observed that the cross-examination of the plaintiff was too restricted, that alone was not so prejudicial as to call for a reversal, but the exclusion of the testimony relative to the order book requires a new trial.

Judgment reversed and new trial ordered, with costs to the appellant to abide event. All concur.